Celia STOWE and Donald Stowe, Appellants,

v.

KINGDOM HOUSE, Respondent,
Jim May, Defendant.

No. ED 81914.

Missouri Court of Appeals,
Eastern District,
Division One.

May 13, 2003.

Motions for Rehearing and/or Transfer to Supreme Court Denied July 3, 2003.

Application for Transfer Denied
Aug. 26, 2003.

Paul C. Hetterman, Clayton, MO, for appellant.

John A. Michener, St. Louis, MO, for respondent.

Before ROBERT G. DOWD, JR., P.J., MARY K. HOFF, J., and GEORGE W. DRAPER III, J.

## ORDER

PER CURIAM.

Celia and Donald Stowe (hereinafter and collectively, "Stowe") bring this personal injury case against Kingdom House for damages arising from injuries Celia Stowe sustained while working as a volunteer for Kingdom House. The trial court granted Kingdom House's motion to dismiss for lack of subject-matter jurisdiction in that Stowe's exclusive remedy is under the Missouri Workers' Compensation Act.

Stowe claims that the trial court committed three errors in granting Kingdom House's motion. Stowe alleges the trial court: (1) should not have applied Section 287.090(2) RSMo (1998) retroactively since it eliminates Donald Stowe's common law cause of action; (2) improperly found Kingdom House elected to extend compensation coverage to volunteers because its insurance policy did not state specifically volunteers were covered; and (3) should have estopped Kingdom House from raising the Missouri Workers' Compensation Act as a defense.

We have reviewed the briefs of the parties and the record on appeal. There is no genuine issue of material fact which would preclude entry of summary judgment. Rule 74.04(c)(3). An extended opinion would have no precedential value. We have, however, provided a memorandum opinion, only for the use of the parties, setting forth the reasons for our decision. We affirm the judgment pursuant to Rule 84.16(b).